IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **LOCHNER TECHNOLOGIES, LLC**<br><br>Plaintiff,<br><br>v.<br><br>**DELL INC., et al.**<br><br>Defendants. | CASE NO. 11-MC-60082 |

## STIPULATED PROTECTIVE ORDER

On November 2, 2010, Lochner Technologies, Inc. ("Lochner") issued a third-party subpoena pursuant to Fed. R. Civ. P. 45 to Citrix Systems, Inc. ("the subpoena"). The main action is *Lochner Technologies, LLC v. Dell, Inc.*, et al. Case No. 2:09-cv-177-CE pending in the United States District Court for the Eastern District of Texas ("the Litigation"). Citrix Systems, Inc. ("Citrix") is not a party to the Litigation. At this juncture, only defendant Hewlett-Packard Company remains in the case.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Lochner Technologies, LLC and Citrix Systems, Inc. have stipulated and agreed to the terms and entry of, and the Court hereby orders the parties to abide by, this Protective Order. Information subject to this Protective Order may be used only for the purposes of the Litigation.

This Protective Order is issued to facilitate document disclosure and production under the Federal Rules of Civil Procedure. Unless modified pursuant to the terms contained in this Protective Order, this Protective Order shall remain in effect through the conclusion of the Litigation.

In support of this order, the Court finds that:

  A. Pursuant to the subpoena Citrix is likely to be required to disclose and/or produce in the Litigation documents and information containing confidential, proprietary business information and/or trade secrets ("Confidential Information");

  B. Citrix may assert that public dissemination and disclosure of Confidential Information could injure or damage Citrix and could place Citrix at a competitive disadvantage; and

  C. A protective order is needed to protect Citrix's interests and to facilitate the progress of Citrix's production of documents in response to the subpoena.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, IT IS THEREFORE ORDERED THAT:

1. Where, in response to the subpoena to it, Citrix produces or discloses in this litigation Confidential Information in documents, declarations, reports, exhibits, deposition testimony, or discovery responses, as well as copies thereof, Citrix may designate such material as "Confidential – Subject to the Protective Order" to receive protection under this Protective Order as set forth herein.

2. "Confidential Information" shall mean material that reflects or contains non-public confidential research, development, or other commercial information of any sort that Citrix would not normally disclose to third parties or would require third parties to maintain in confidence. Such information includes, but is not limited to: (i) financial data; (ii) customer and supplier information; (iii) marketing strategies and information; (iv) strategic business information, including business plans, manufacturing information, cost information, or logistical information; (v) licensing information, including license agreements and

information regarding negotiations of such license agreements; (vi) trade secrets; (vii) regulatory information; and (viii) technical or scientific information, including technical data, research and development data, product manufacturing data, technical specifications, and technical know-how.

3. In the event that Citrix Confidential Information is disclosed at the deposition of Citrix or one of its present or former officers, directors, employees, or agents, the deposition may be designated by Citrix as "Confidential – Subject to the Protective Order" by indicating on the record at the deposition that all or some portion of the testimony is "Confidential – Subject to the Protective Order" and is subject to the provisions of this Protective Order. Citrix may also designate information disclosed at such deposition by notifying all of the parties in writing within thirty (30) days of receipt of the transcript of the specific pages and lines of the transcript that are to be treated as "Confidential – Subject to the Protective Order." Each party shall attach a copy of such written notice or notices to the face of the transcript and each copy thereof in its possession, custody, or control. All deposition transcripts shall be treated as "Confidential – Subject to the Protective Order" for a period of thirty (30) days after the receipt of the transcript.

4. Within two weeks after the delivery of information designated "Confidential – Subject to the Protective Order," counsel for Lochner may, on a good faith basis, challenge the designation of all or any portion thereof by providing written notice thereof to counsel for Citrix. Within ten business days of notification of such challenge, the parties shall meet and confer regarding the designation of the information designated "Confidential – Subject to the Protective Order." If the

3

parties are unable to agree as to whether the confidential designation of information is appropriate, Lochner may file a motion with the Court with regard to any information designated "Confidential – Subject to the Protective Order," in dispute within five business days of the final meet and confer. Upon the filing of such a motion, Lochner shall have the burden of proving that the disputed information is not entitled to confidential treatment. All information designated "Confidential – Subject to the Protective Order," is entitled to confidential treatment pursuant to the terms of this Protective Order until and unless the parties formally agree in writing to the contrary or a contrary determination is made by the Court as to whether all or a portion of information designated "Confidential – Subject to the Protective Order" is entitled to confidential treatment.

5. Except as provided herein, information designated "Confidential – Subject to the Protective Order" and any information contained therein shall not be: (i) used or shown, disseminated, copied, or in any way communicated, to anyone for any purpose whatsoever; or (ii) disclosed or made available by the receiving party to any person. Information designated "Confidential – Subject to the Protective Order" and any information contained therein shall be used solely for the prosecution of the Litigation.

6. Information designated "Confidential – Subject to the Protective Order" and any information contained therein shall be disclosed (and copies may be made to facilitate this disclosure) only to the following persons ("Qualified Persons"):

   A. Outside counsel of record for Lochner and Hewlett-Packard Company in the Litigation, provided that each person having access to Citrix

information designated "Confidential – Subject to the Protective Order" executes and serves on counsel for Citrix an agreement to be bound by the terms of this Protective Order in the form attached hereto as Attachment "A";

B. Employees of such counsel of record (excluding experts and investigators) assigned to and necessary to assist such counsel in the preparation and trial of this action, as well as outside document copying and processing vendors used to assist such counsel in the preparation and trial of this action, court reporters, transcribers, and videographers taking testimony, legal translators, graphics or design services for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in this action, non-technical jury or trial consulting services, and their respective support personnel, provided that each person having access to Citrix information designated "Confidential – Subject to the Protective Order" executes and serves on counsel for Citrix an agreement to be bound by the terms of this Protective Order in the form attached hereto as Attachment "A";

C. This Court and the United States District Court for the Eastern District of Texas (Marshall Division), and authorized personnel of these two Courts as well as any Court considering any appeal in the Litigation and its personnel;

D. Actual or potential independent technical experts or consultants who have signed a document agreeing to be bound by the terms of this Protective Order (at Attachment "A" hereto) and have been disclosed as provided in paragraphs 6.D.1-6.D.3 below:

1. Before a party can disclose Citrix information designated "Confidential – Subject to the Protective Order" to an actual or potential expert or consultant, that party must provide written notice for same-day delivery to counsel for Citrix no less than five (5) business days prior to any disclosure of the information designated "Confidential – Subject to the Protective Order." The written notice shall contain the name, title, business address, present occupation (or job description), past and present business relationships with the party retaining them or other party to the Litigation, curriculum vitae of the person to whom the information will be disclosed, a list of all instances in which, during the last four (4) years, the expert or consultant provided consulting services (regardless of whether the purpose of the consultancy was litigation), was retained as an expert, and/or testified at trial or deposition, and an undertaking in the form of Attachment "A", signed by that person (such original signed document to be kept by the attorney retaining such person). In the event such proposed

expert or consultant is prohibited due to confidentiality obligations to a third party from disclosing a present or prior employment or consultancy, the expert or consultant shall so state and shall disclose such information as the expert or consultant is permitted to provide regarding the nature of the employment or consultancy (such as, e.g., the industry or technology involved in the employment or consultancy; whether the employment or consultancy was for a competitor of a party; and like information) to enable, to the extent possible, Citrix to determine whether or not to object to the expert or consultant.

2. If, within five (5) business days after receipt of the notice of intent to disclose set forth in Paragraph 6.D.1, Citrix does not object to the disclosure, any information designated "Confidential – Subject to the Protective Order" by Citrix may be disclosed to the designated person. Failure to object within the five (5) day period shall be deemed approval, but shall not preclude Citrix from objecting to continued access to information designated "Confidential – Subject to the Protective Order" by that person where facts suggesting a basis for objection are subsequently learned by Citrix or its counsel. If within five (5) business days of receipt of the notice of intent to disclose set forth in Paragraph 6.D.1, Citrix objects to such intended disclosure of documents and/or information designated "Confidential – Subject to the Protective Order" such documents and/or information shall not be disclosed until such objection is resolved by agreement of the parties, by a ruling of a Court or as otherwise set forth below.

3. Citrix's objection must be for good cause, stating with particularity the reasons for the objection, and must be in writing and served on all parties to the action within the five (5) day period. The parties shall meet and confer to attempt to resolve the dispute within five (5) business days from the date of mailing or electronic delivery of the objection. If the parties cannot resolve the dispute, the receiving party may move the Court for an order that access to information designated "Confidential – Subject to the Protective Order" be granted to the designated person. Such motion shall be made within fifteen (15) business days of the mailing or electronic delivery of the objection. If the parties cannot resolve the dispute and the receiving party does not make such a motion within fifteen (15) business days of the mailing or electronic delivery of the objection, the party receiving the documents may not disclose information designated "Confidential – Subject to the Protective Order" to the designated person.

7. To the extent that information designated "Confidential – Subject to the Protective Order" or information contained therein are used in depositions, at hearings, or at trial, such documents or information shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony and/or trial testimony referring to the information designated "Confidential – Subject to the Protective Order" or information contained therein.

8. Inadvertent or unintentional production of documents or information containing Confidential Information without a designation shall not be deemed a waiver in whole or in part of a claim for confidential treatment. If Citrix inadvertently discloses any document or thing containing Confidential Information without designating it as "Confidential – Subject to the Protective Order" Citrix shall promptly upon discovery of such inadvertent disclosure inform Lochner and Hewlett Packard Company in writing of the desired designation, and Lochner and Hewlett-Packard Company shall thereafter treat the information as "Confidential – Subject to the Protective Order" in accordance with such designation as provided in this Protective Order. To the extent such inadvertently disclosed Confidential Information may have been disclosed to persons other than Qualified Persons described in this document, the receiving party shall make every reasonable effort to retrieve the information promptly from such persons and to avoid any further disclosure to non-Qualified Persons.

9. Production of information that is privileged or otherwise immune from discovery shall be entitled to the protections of Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502. In particular, if Citrix inadvertently discloses

information that is privileged or otherwise immune from discovery, Citrix shall promptly upon discovery of such disclosure so advise the receiving party in writing, identify the privileged material produced and the basis for withholding such material from production, and request that the item or items of information be returned. No party to the Litigation shall thereafter assert that such disclosure waived any privilege or immunity. The receiving party will return such inadvertently-produced item or items of information and all copies thereof within ten (10) days of the earliest of (i) discovery by the receiving party of its inadvertent production, or (ii) receiving a written request from Citrix or its counsel for the return of such item or items of information. The party having returned such inadvertently-produced item or items of information may thereafter, without asserting waiver because of the inadvertent production, seek production of any such documents in accordance with the Federal Rules of Civil Procedure.

10. The party or parties receiving information designated "Confidential – Subject to the Protective Order" shall not under any circumstances sell, offer for sale, advertise, or publicize information designated "Confidential – Subject to the Protective Order" or any information contained therein.

11. After termination of the Litigation, the provisions of this Protective Order shall continue to be binding, except with respect to those documents and information that become a matter of public record. This Court retains and shall have continuing jurisdiction over the parties and recipients of Citrix information designated "Confidential – Subject to the Protective Order" for enforcement of the provisions of this Protective Order following termination of the Litigation.

12. Within 60 days of the termination by dismissal, judgment, or settlement of the Litigation, counsel for the party or parties receiving information designated "Confidential – Subject to the Protective Order" shall destroy the information designated "Confidential – Subject to the Protective Order" and all copies thereof or shall return the information designated "Confidential – Subject to the Protective Order" and all copies thereof to Citrix's counsel. Outside counsel for a party shall be entitled to retain for archival purposes one copy of correspondence, Court filings, declarations, reports, exhibits, deposition testimony, or discovery responses that contain or refer to information designated "Confidential – Subject to the Protective Order". Upon Citrix's request, any other party receiving information designated "Confidential – Subject to the Protective Order" shall certify in writing that all information designated "Confidential – Subject to the Protective Order" received from Citrix has been destroyed in accordance with this paragraph.

13. This Protective Order shall be binding upon Citrix, Lochner and Hewlett-Packard Company and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

14. In the event that the Court orders Citrix to produce source code, or Citrix otherwise agrees to produce source code, such source code shall be designated "Highly Confidential Code – Subject to the Protective Order" and subject to the same restrictions on information designated "Confidential – Subject to the

Protective Order" as discussed above. Source code is subject to the following additional restrictions:

A. **Disclosure of Source Code.** "Highly Confidential Code – Subject to the Protective Order" ("Code") may be disclosed only to those categories of individuals listed in paragraphs 6.A., 6.B., 6.C, and 6.D. subject to the restrictions therein. No electronic copies of source code may be made, except by Citrix. Under no circumstances shall source code be compiled into executable code by a receiving party.

B. **Manner of Production.** Source code designated under Paragraph 14 as "Highly Confidential Code – Subject to the "Protective Order" will be made available to the receiving party subject to the following conditions:

    1. Citrix will make its Code available through a dedicated server with security software. All source code will be presented in a readable format where the readable form does not change the content of the Code. Outside counsel for Lochner shall be provided with UserIDs and passwords to permit inspection of the code from a remote computer. Such inspection may only take place at the offices of outside counsel for Lochner, the office of experts or consultants approved under this Protective Order, or at an alternate location agreed upon by the parties to this Protective Order. When a computer at the office of an expert or consultant approved under this protective order is being used to access Code and the computer is unattended, the computer will either be contained in a locked room or password protected and, in this case, the computer screen will not display Citrix Code.

    2. Although the receiving party will be able to conduct its review of Citrix's Code at any time using the dedicated server, Citrix only has an obligation to provide technical and other necessary support to the requesting party during normal business hours (9:00 a.m. to 5:00 p.m. Pacific time, Monday-Friday, excluding holidays) unless otherwise agreed.

    3. At the request of the receiving party, Citrix shall provide the receiving party paper three (3) copies of reasonable portions of the Code identified by the receiving party. The receiving party is strictly prohibited from printing or copying any of Citrix's Code from the secure server. Citrix will provide the requested copies (paper and text files) in line-numbered format similar to how the Code appeared on the screen during the inspection and with the file directory path appearing on each page.

Citrix will provide such copies to the requesting party within five (5) business days of the receiving party's request, unless otherwise agreed. Citrix shall mark such copies clearly and prominently as "Highly Confidential Code – Subject to the Protective Order" and affix individual production numbers.

4. All received copies of Code shall be maintained in the custody and control of the receiving party's outside counsel of record or experts or consultants approved under this protective order. When not in use, paper copies of Code must be stored in a secure manner at the offices of counsel of record or at the office of an expert or consultant approved under this protective order, i.e., in a locked drawer or a locked room. Copies of Code may not be converted into electronic format (including for emailing) except for use in Court filings and proceedings or for electronic service of expert reports. Copies of Code may not themselves be copied, except that paper copies of Code may be copied and used as exhibits for depositions, expert reports, pleadings, or trial, provided that such copies are stored in a secure manner at the offices of outside counsel of record or at the office of an expert or consultant approved under this protective order, i.e. in a locked drawer or a locked room. Any copies of Code filed with the Court shall be filed under seal. Only those individuals authorized and identified in Paragraph 6 shall be allowed to access Code or copies of Code.

5. The receiving party may take written notes of portions of the Code and other such notes as may be reasonably necessary to facilitate inspection of the Code, except that the receiving party shall not make verbatim copies of any Code. Any such notes shall be treated the same way as Code, including being marked "Highly Confidential Code – Subject to the Protective Order" and being stored in a secure manner at the offices of counsel of record or at the office of an expert or consultant approved under this protective order, i.e., in a locked drawer or a locked room.

C. Final Disposition of Source Code. At the conclusion of the Litigation (including any appeals) and unless the Court otherwise orders, printed copies of source code shall be returned to Citrix, or at Citrix's choosing, counsel for the receiving party shall certify that all printed copies of source code have been destroyed.

15. In the event a party wishes to use any material designated "Confidential – Subject to the Protective Order," or "Highly Confidential Code – Subject to the Protective Order" in any affidavits, briefs, memoranda of law, or other papers filed in any of

the Courts listed in paragraph 6.C. in connection with the Litigation, such material used therein shall be filed under seal in accordance with the relevant court's applicable rules or local rules. Where a party seeks to file Citrix documents or information designated "Confidential – Subject to the Protective Order" or "Highly Confidential Code – Subject to the Protective Order" in the United States District Court for the Eastern District of Texas, the party must first obtain authorization from that Court to file such confidential Citrix documents or information under seal in accordance with United States District Court for the Eastern District of Texas Local Rule CV-5(a)(7) before filing the confidential Citrix documents or information. If the United States District Court for the Eastern District of Texas refuses to permit Citrix documents or information designated "Confidential – Subject to the Protective Order" or "Highly Confidential Code – Subject to the Protective Order" to be filed under seal the party seeking to file such Citrix documents or information is prohibited from filing the documents or information or using them in any manner in public filings. Where Citrix documents or information designated "Confidential – Subject to the Protective Order" or "Highly Confidential Code – Subject to the Protective Order" will be used in a courtroom for any purpose, the party using Citrix's confidential documents or information must ensure that the courtroom is cleared of all persons other than Qualified Persons.

16. The Clerk of this Court is directed to maintain under seal all documents, transcripts of deposition testimony, answers to interrogatories, admissions, pleadings, and other materials filed under seal with the Court in this litigation that

have been designated, in whole or in part, as "Confidential – Subject to the Protective Order," or "Highly Confidential Code – Subject to the Protective Order" unless and until instructed otherwise by the Court.

17. Where discovery is provided by allowing access to the documents or tangible things for inspection instead of delivering copies of them, all items being inspected may be designated by Citrix as "Confidential – Subject to the Protective Order" or "Highly Confidential Code – Subject to the Protective Order." If Citrix believes in good faith that the inspection, copying, testing, sampling, or photographing of any tangible thing may reveal or disclose Confidential Information, Citrix shall inform Lochner's counsel in writing in advance of the inspection that the inspection, copying, testing, sampling, or photographing of the tangible thing shall be permitted on a confidential basis, and that the information discovered, and any information derived from that information, shall be treated under the appropriate designation of this Protective Order.

18. Nothing in this Protective Order limits Citrix from disclosing information that Citrix designated "Confidential – Subject to the Protective Order," or "Highly Confidential Code – Subject to the Protective Order" to anyone.

19. In the event any party or other person having information designated by Citrix as "Confidential – Subject to the Protective Order," or "Highly Confidential Code – Subject to the Protective Order" in this action receives a subpoena or other process or order to produce such information, such subpoenaed person shall notify Citrix's counsel in writing. If Citrix wishes to challenge the subpoena or other process or order, it bears the burden of taking appropriate action to do so. The

party that originally received the subpoena or other process or order shall inform the party serving the subpoena or other process or order of the existence of this Protective Order and shall not disclose the information unless instructed to do so by Citrix or unless ordered to do so by this Court or a court having jurisdiction over the subpoena or other process or order.

DONE AND ORDERED in Chambers at _____Miami_____, Florida this __14__ day of January, 2011.

_____
UNITED STATES DISTRICT JUDGE

Copies furnished to:
All Counsel of Record

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **LOCHNER TECHNOLOGIES, LLC**<br><br>**Plaintiff,**<br><br>v.<br><br>**DELL INC., et al.**<br><br>**Defendants.** | CASE NO. |

### AGREEMENT OF CONFIDENTIALITY

I certify that I have read the Stipulated Protective Order for the above-styled case. I fully understand the terms of the Order. I acknowledge that I am bound by the terms of the Order, and I agree to comply with those terms. I consent to the personal jurisdiction of the United States District Court, Southern District of Florida, for any proceeding involving the enforcement of that Order.

_____
Signature

_____
Name

_____
Affiliation

_____
Date

549654.1

# Attachment "A"